UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALBERT H. MICKLER,

          **Plaintiff,**

v.                                         CASE NO. 3:04-cv-135-J-99TEM

MAMIE L. DAVIS, in her capacity as
Standing Chapter 13 Trustee,
Middle District of Florida,

          **Defendant.**

_____/

## ORDER

This cause is before this Court on Defendant's, Mamie L. Davis, Trustee ("Trustee"), Amended Motion to Dismiss (Dkt. 30), Plaintiff's response thereto (Dkt. 32, 19), Defendant's Supplemental Memorandum in Support of the Amended Motion to Dismiss (Dkt. 41) and Plaintiff's Memorandum in support of the opposition to the Motion to Dismiss (Dkt. 42).

Attorney Albert H. Mickler has filed a complaint against Mamie L. Davis in her capacity as Standing Chapter 13 Trustee, Middle District of Florida, Jacksonville Division. Defendant objects to Trustee's procedure when distributing excess interim plan payments pursuant to 11 U.S.C. §1326[1]. According to Plaintiff, until January of 2004 the Trustee sent the interim payment refunds directly to Plaintiff when a client's Chapter 13 Plan was dismissed pre-confirmation. Plaintiff argues that he obtains valid payment assignments from his clients and that he uses those assignments to secure his fees when a case is dismissed. Evidently, Plaintiff traditionally deducted his fees from the check sent to him by the Trustee and then refunded any balance to the debtors. According to Plaintiff as of

---

[1] Payments made by Chapter 13 Debtor under a proposed Chapter 13 Plan shall be retained by the Trustee until confirmation.

of January 2004 the Trustee has failed to honor the assignments and now sends the interim payment balance directly to the Debtor pursuant to 11 U.S.C. §1326(a)(2).

Plaintiff's complaint alleges the following four counts: 1) breach of the Assignment Contract, 2) intentional interference with the contractual relationship between Mickler and the debtors/obligors, 3) concealment of a material fact, and 4) quantum meruit (Dkt. 1). Defendant moves to dismiss the complaint on the grounds of lack of subject matter jurisdiction and because the complaint fails to state a claim upon which relief can be granted.

## I. Standard of Review

Federal district courts have subject matter jurisdiction of Title 11 bankruptcy cases pursuant to 28 U.S.C. § 1334. That statute also confers upon the district courts jurisdiction of "all civil proceedings arising under Title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The test for determining whether a civil proceeding is related to bankruptcy to confer federal jurisdiction on the district court is "whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action and which in any way impacts upon the handling and administration of the bankrupt estate." *Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990).

Dismissal for failure to state a claim upon which relief may be granted is appropriate only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In making this determination, this Court may only consider facts alleged in the complaint itself. *Milburn v. United*

*States*, 734 F.2d 762, 765 (11th Cir. 1984). Further, the facts set forth in the complaint must be viewed in the light most favorable to the plaintiff. *Quality Foods De Centro America v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Finally, the Federal Rules of Civil Procedure require only "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require a plaintiff to plead specific allegations of every situation or condition that may be presented at trial.

## II. Analysis

In the instant motion, Defendant seek to dismiss the entire complaint for several reasons.

### A. *Barton* Doctrine

Defendant asserts that the *Barton* doctrine bars this suit. In *Barton v. Barbour*, 104 U.S. 126, 127 (1881), the Supreme Court required that before a suit is brought against a court-appointed receiver, leave of the appointing court must be obtained. Here, Defendant claims that Plaintiff is required to obtain relief from the bankruptcy court prior to initiating any action in the district court. In *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000), the United States Court of Appeals for the Eleventh Circuit applied the *Barton* doctrine and held that a debtor must first obtain permission from the bankruptcy court before it can initiate any action in the district court against a trustee for acts done in the trustee's official capacity. *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000). Therefore, because Plaintiff did not seek leave from the Bankruptcy court to bring this action, the *Barton* doctrine bars this suit. Plaintiff argues that because Defendant is a Chapter 13 Trustee, she is not appointed by the Bankruptcy Court, and thus the *Barton* doctrine is inapplicable. However, Plaintiff cites no law to support his contention that this is a distinction with merit.

U.S. Code Section 959 of Title 28 does provide an exception to the *Barton* doctrine,

permitting suits against trustees without leave of the appointing court for acts or transactions done in the carrying on of a business. *Id.* at 1254. However, this exception is not applicable in this case. Plaintiff brings this suit against Defendant for acts done in her official capacity, in the administration of the bankruptcy case and in the performance of her duties. Therefore, the Court finds that the Plaintiff did not seek leave of the Bankruptcy Court to file this case in violation of the *Barton* doctrine, and thus jurisdiction in this Court is improper.

### B. Administrative Remedies

Plaintiff has also failed to exhaust his administrative remedies. To the extent that Plaintiff has a complaint with the Defendant concerning a specific case, the General Reference Order refers those proceedings to the Bankruptcy Court. Insofar as Plaintiff is expressing generalized grievances against the trustee, administrative remedies are available to address those grievances, but Plaintiff has not pursued them.

### C. Failure to State a Claim

Even if the *Barton* doctrine did not bar this suit, Plaintiff's claims are not properly in federal court. Section 1326(a) states, "a payment made under this subsection shall be retained by the trustee until confirmation or denial of confirmation of a plan. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan. **If a plan is not confirmed, the trustees shall *return any such payment to the debtor,* after deducting any unpaid claim allowed under section 503(b) of this title.**" 11 U.S.C. § 1326(a)(2) (emphasis added). The statute clearly directs the Trustee to return any payment to the debtor. Plaintiff has failed to present any law to support his contention that Defendants actions were a violation of this statute. Rather, each of Plaintiff's claims are alleged violations of state contract law. Because Plaintiff has not alleged a violation of any

4

are alleged violations of state contract law. Because Plaintiff has not alleged a violation of any federal statute, this court does not have jurisdiction.

Accordingly, it is **ORDERED**:

Mamie L. Davis' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 30) is **GRANTED**. The clerk is directed to close this case.

**DONE AND ORDERED** in Chambers this 9th day of September, 2005.

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record